Thomas J. Vandeveld, III, State Bar No. 145510
VANDEVELD LAW OFFICES
P.O. Box 1764
Bonita, CA 91908-1764
Telephone: (619) 232-5299
Facsimile: (619) 475-6908
Electronic Mail: tomvlawyer@cox.net

Attorney for Plaintiff
KAREL SPIKES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>    Plaintiff,<br><br>vs.<br><br>MIKE DAWOOD, dba AAA SMOG & REPAIR CENTER; ROCHELLE S. TEMKIN; and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Case No.: **18-cv-00275-JM-JLB**<br><br>**JOINT MOTION TO RETAIN JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE** |

TO THE HONORABLE COURT:

**PLEASE TAKE NOTICE THAT** Plaintiff, KAREL SPIKES on the one hand, and Defendant MIKE DAWOOD, dba AAA SMOG & REPAIR CENTER, on the other hand, ("the parties") through their respective attorneys of record that the parties have agreed to resolve this case by way of settlement.

Pursuant to that agreement to settle, the parties respectfully request the Court retain jurisdiction over all disputes between (among) the parties arising out of the settlement agreement including, but not limited to, interpretation and enforcement of the terms of the settlement agreement. A copy of the executed agreement is attached hereto as Exhibit "A".

Based on the settlement agreement, Plaintiff hereby moves that defendant ROCHELLE S. TEMKIN be dismissed with prejudice.

1  The parties further hereby jointly move the Court, pursuant to Federal Rules
2  of Civil Procedure 41(a)(2), to enter a dismissal of Plaintiff's Complaint, Case
3  Number 18-cv-00275-JM-JLB in its entirety and with prejudice.
4  The parties hereby jointly move:

VANDEVELD LAW OFFICES

Dated: May 16, 2018        By:    /s/ Thomas J. Vandeveld III
                                  THOMAS J. VANDEVELD III
                                  Electronic Mail: tomvlawyer@cox.net
                                  Attorney for Plaintiff KAREL SPIKES

Dated: May 16, 2018               SAMO LAW GROUP


                           By:    /s/ Joe Samo
                                  Joseph Samo, Esq. (SBN 208836)
                                  Email: joe@samolaw.com
                                  Attorneys for Defendant, MIKE DAWOOD,
                                  dba AAA SMOG & REPAIR

# RELEASE AND SETTLEMENT AGREEMENT

**SECTION 1.1**     **THE PARTIES TO BE BOUND**

This Settlement Agreement (the "Agreement") is made effective April 13, 2018, ("the Effective Date") by and between KAREL SPIKES (hereinafter "SPIKES" or "PLAINTIFF"), on the one hand and MIKE DAWOOD, doing business as AAA SMOG & REPAIR CENTER, ("DAWOOD" or "DEFENDANT"). Defendant and the Plaintiff are hereinafter collectively referred to as "the Parties".

**SECTION 1.2**     **RECITALS**

**A.**   **WHEREAS,** on February 6, 2018, Plaintiff caused to be filed a Civil Complaint ("the COMPLAINT") in the United States District Court for the Southern District of California ("the Court"), which was entitled KAREL SPIKES vs. MIKE DAWOOD, dba AAA SMOG & REPAIR CENTER; ROCHELLE S. TEMKIN; and DOES 1 through 10, Inclusive. Case No. '18CV2075 JM JLB . The Civil Complaint alleged causes of action charging discriminatory practices and architectural barriers in public accommodations under a number of various theories and statutes.

    **B.**    **WHEREAS,** the COMPLAINT pertains to a facility located at 7176 El Cajon Blvd., San Diego, California operating as AAA SMOG & REPAIR, (hereinafter "the SUBJECT PROPERTY").

    **C.**    **NOW THEREFORE,** based on the covenants and promises contained below, the parties have agreed to enter into this Agreement on the terms set forth below.

**SECTION 2.1**    **SPECIFIC TERMS**

    **A.**    <u>**Recitals:**</u>

The Recitals set forth herein are an integral part of this Agreement, and shall be used in any interpretation of this Agreement.

    **B.**    <u>**Performance By Defendant:**</u>

    1.    Defendant has performed or will perform within 90 days from the effective date of this Agreement the following modifications at the SUBJECT PROPERTY, in compliance with the 2010 ADA Standards for Title II and Title III Facilities ("2010 Standards") published by the United States Department of Justice on September 15, 2010, and/or Title 24 of the California Code of Regulations ("Title 24"):

    a.    Defendant will install a van-accessible parking space, access aisle and

signage in compliance with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and/or Title 24 of the California Code of Regulations ("Title 24") whichever provides for greater access for persons with disabilities.

The 2010 Standards and Title 24 referenced above are hereby incorporated by reference herein as necessary to interpret this Agreement.

2. No later than Monday, April 23, 2018, Defendant shall pay the sum of Six Thousand Dollars and Five Hundred dollars ($6,500) to Plaintiff. This sum shall resolve Plaintiff's claim for all damages and for attorneys' fees and costs incurred in this action. Said payment shall be made payable to "the Thomas J. Vandeveld III Client Trust Account."

### C.  Performance By Plaintiff:

1. Upon receipt and negotiation of the settlement amount stated above, Plaintiff and Defendant will file a Joint Motion for Dismissal With Prejudice of this action with the Court to retain jurisdiction to interpret and enforce this Agreement.

### D.  Mutual Releases:

1. For valuable consideration, the receipt and adequacy of which

are hereby acknowledged by, (a) the Plaintiff, on the one hand, and (b) the Defendant on the other hand, on behalf of themselves and their respective heirs, executors, administrators, assigns, successors, predecessors, affiliates, parent corporations, employees, agents, attorneys, past, present and future officers, directors, landlords, tenants, partners and shareholders (collectively the "Representative Parties"), hereby release and forever discharge each other, and their respective Representative Parties (collectively the "Releasees") only from the suits, claims, or demands of any nature whatsoever, including claims for physical, bodily and emotional injuries, which each has with respect to the disability access allegations described in the COMPLAINT and which relate to the SUBJECT PROPERTY, including any claims for attorneys fees or costs ("the released claims"). Plaintiff also specifically includes defendant ROCHELLE S. TEMKIN as a Releasee as defined above.

      2.    The Parties hereto acknowledge that they are aware they may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the released claims and the underlying facts, and that it is their intent to fully, finally, and forever settle and release all their known disputes and differences which now exist or have ever

existed with one another, arising out of or in connection only with the released claims. The parties hereto agree that this Agreement shall remain in effect as a full and complete settlement agreement and mutual release of those claims included in this Agreement.

3. The Parties warrant that they have not assigned or transferred any interest in any claim they may have against the other parties, or any of them.

4. The Parties understand and agree that the execution of this Agreement shall not be construed as an admission of any obligation or the validity of any claim by their Releasees, each of whom has consistently maintained that each has no obligation to the other.

E. **Release of Unknown Claims:**

All parties to this Agreement acknowledge that they have been advised by legal counsel, with respect to, and are familiar with, the provisions of California Civil Code Section 1542 which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

All parties to this Agreement being aware of said Code Section, hereby expressly waive any rights they may have thereunder, as well as under any other

Statute or common law principle of similar effect only with respect to any of the released claims. Nothing in this paragraph shall reduce or waive the executory portions of this Agreement.

### SECTION 2.2         GENERAL TERMS

#### A.     Jurisdiction Re: Settlement Agreement

The Parties agree that the United States District Court for the Southern District of California or the San Diego Superior Court shall have jurisdiction over any disputes arising out of this settlement agreement including, but not limited to, jurisdiction and all authority to interpret and enforce this agreement.

#### B.     Interpretation:

Whenever the context requires, any gender includes all others, and the singular number includes the plural, and vice-versa. Captions in this Agreement are inserted for convenience of reference and do not define, describe, or limit the scope or intent of this Agreement or any of its terms. The terms "Person" shall include a corporation, partnership, trust, or any other legal entity. "Including" shall mean inclusive without limitation to the included item specified.

C.     **Entire Agreement:**

This Agreement contains the entire agreement between the parties regarding the subject matter hereof. Any prior oral or written representations, agreements, understandings, and/or statements shall be of no force and effect. No modification, waiver, amendment or discharge of this Agreement shall be valid unless it is in writing and signed by the party against which its enforcement is or may be sought.

D.     **Time is of the Essence:**

Time is of the essence for each obligation hereunder.

E.     **Applicable Laws:**

This Agreement shall be construed and enforced in accordance with the laws of the State of California. This Agreement is made and is to be enforced within the jurisdiction of the County of San Diego, State of California.

F.     **Successors:**

Subject to any provision of this Agreement that may prohibit or curtail assignment of any rights hereunder, this Agreement shall bind and inure to the benefit of the respective heirs, assigns, personal representatives, and successors of the parties hereto; provided, however, that there are no intended

third-party beneficiaries to this Agreement other than those expressly set forth herein, and the parties intend that only they or their heirs, assigns, personal representatives, and successors, are entitled to enforce this Agreement.

G.  **Cooperation:**

Each party agrees that he or she shall, upon the other's request, take any and all steps, and execute, acknowledge, and deliver to the other any and all further instruments necessary or expedient to effectuate the purposes of this Agreement.

H.  **Counterparts:**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original. This document may be transmitted by facsimile or other means including, but not limited to electronic mail. A copy of a signature page with a signature on this Agreement shall be effective as if it were original.

I.  **Equal Participation in Drafting:**

No inference, assumption, or presumption shall be drawn from the fact that a party or his attorney prepared and/or drafted this Agreement. It shall be

conclusively presumed that all parties participated equally in the preparation and/or drafting of this Agreement.

### J.     Voluntary Execution:

The parties acknowledge that their execution hereof is voluntary, that they have been advised by their respective counsel of all of the provisions hereof, and that, in executing this Agreement, each is not relying on any inducements, promises and representations made by the other party or his representatives except as may be expressly set forth herein.  All parties hereto were represented by counsel. All signatories to this Agreement represent that they are authorized to sign this Agreement on behalf of the party for which they sign.

### K.     Enforcement:

In the event it becomes necessary for a party to incur costs and/or attorney's fees to enforce the provisions of this Agreement, the prevailing party in any enforcement litigation or action shall be entitled to that party's reasonable attorney's fees and costs.

### L.     Waiver:

Waiver of any rights under any section of this Agreement shall not constitute a waiver of any other rights under this Agreement.

## M. Effect of Illegality:

In the event that any part of this Agreement is found to be invalid, illegal, or otherwise unenforceable, said part or parts shall be severed from this Agreement and all other remaining parts of this Agreement shall continue to be valid, legal and enforceable.

## N. Notice:

Notice to a party under this Agreement may be given by facsimile transmission or electronic mail to their counsel named below in lieu of mail service or personal service.

### SECTION 3.1        EXECUTION

WHEREFORE THIS AGREEMENT IS ENTERED INTO AS OF THE DATE SET FORTH ABOVE, AND IS TO BE PERFORMED IN THE COUNTY OF SAN DIEGO, CALIFORNIA.

By:

**The Plaintiff**

_____  Date: 4-19-18
KAREL SPIKES, Plaintiff

**The Defendant**

_____  Date: April 27, 2018
By:  MIKE DAWOOD, dba AAA SMOG
& REPAIR,          Defendant

Spikes vs. Laurinda Owens, et al
USDC SD CASE NO. 17CV1758 BAS BLM
December 21, 2017 Ver.

11

**APPROVED AS TO FORM:**

                                  VANDEVELD LAW OFFICES

Dated: 4/19, 2018

                                  THOMAS J. VANDEVELD, ESQ.
                                  Attorney for Plaintiff KAREL SPIKES


                                  SAMO LAW GROUP

Dated: April 27, 2018

                                  By: JAMES JOSEPH, ESQ.
                                  Attorney for Defendant MIKE DAWOOD,
                                  dba AAA SMOG & REPAIR

Spikes vs. Laurinda Owens, et al
USDC SD CASE NO. 17CV1758 BAS BLM
December 21, 2017 Ver.

12